

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
THE ARBITRATION

between

MAY CHEN, AS MANAGER OF
THE NEW YORK METROPOLITAN AREA
JOINT BOARD, LOCAL 23-25, UNITE HERE!
　　　　　　　　　　　　Petitioner,

and

BROADWAY GARMENT CO., INC.,
　　　　　　　　　　　　Respondent.



**PETITION TO CONFIRM ARBITRATION AWARD**

JUDGE JONES

RECEIVED MAY - 5 2005 U.S.D.C. S.D.N.Y. CASHIERS

STATE OF NEW YORK　）
　　　　　　　　　　） ss.
County of New York　）

　　　　The Petition of May Chen, as Manager of the New York Metropolitan Area Joint Board, Local 23-25, UNITE HERE! formerly known as The New York Metropolitan Area Joint Board, Local 23-25, UNITE (hereinafter, the "Union"), by their attorney Judith Greenspan, respectfully shows to this Court and alleges that:

　　　　1.　　I am Associate Counsel to Petitioners herein and am duly admitted to practice law before the Courts of the State of New York and before this Honorable Court and am fully familiar with the prior proceedings had in this matter. I submit this Petition in support of Petitioners' application for an Order confirming the Arbitration Award of Marshall L. Rosenberg (hereinafter, the "Arbitrator"), dated March 28, 2005.

　　　　2.　　The New York Metropolitan Area Joint Board, Local 23-25, of the Union with its sole office at 275 7th Avenue, New York, New York 10001, sponsors an employee benefit plan (hereinafter, the "Plan"), within the meaning of Section 3 (3) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. 1002 (3). Such plan was established and is being maintained pursuant to one or more collective bargaining agreements entered into between employee organizations and various employers in the clothing industry. The plan was created to provide health welfare and retirement benefits to eligible employees of contributing employers.

　　　　3.　　Broadway Garment Co., Inc. (hereinafter, the "Respondent"), is a party to a Collective Bargaining Agreement, with the New York Skirt & Sportswear Association, Inc.,

Local 23-25, of the Union. The Collective Bargaining Agreement obligates the employer to contribute to the Plan based upon stated percentages of its gross payroll.

4. A dispute has arisen concerning Respondent's obligation to contribute to the Fund for the period of September 1, 2004 to December 31, 2004 in the amount of $10,828.19.

5. Pursuant to the Collective Bargaining Agreement, the dispute was referred to the Arbitrator for arbitration on March 23, 2005.

6. After considering the evidence presented at the hearing the Arbitrator issued an Arbitration Award (hereinafter, "Arbitration Award") directing the Respondent, among others, to pay to the Union the sum of $8,750.84 for delinquent contributions, plus the sum of $100.00 in fees to the UNITE National Health Fund and the sum of $2,077.35 to the UNITE National Retirement Fund plus interest on delinquent contributions at 9% per annum from January 16, 2005. A copy of the Arbitration Award is annexed hereto as **EXHIBIT A**.

7. The CBA, entered into between the Union and the Respondent, Article fourteen, thereof states among others that:

> The parties hereto further agree that the service of all papers used in any application to the court in any proceedings to confirm the award of the Impartial Chairman….may be made by certified mail by the Union to the last known address of the residence of the owner or officer.

8. On March 28, 2005, the Arbitrator served a copy of the Arbitration Award on Respondent.

9. To date, Respondent has not paid any part of the Arbitration Award.

10. As a result of Respondent's failure to abide by the Arbitration Award, Petitioners now seek judicial enforcement thereof. As more fully demonstrated in the annexed Memorandum of Law, this court has jurisdiction over Respondent.

**WHEREFORE**, your Petitioners pray for an Order confirming the Arbitration Award, and directing the entry of Judgment in the amount of $10,828.19, in delinquent contributions together with interest in the amount of $163.07 from the 16th day of January, 2005 to the date of judgment at the rate of 9% as provided for in the Arbitration Award, plus the sum of $100.00 in fees together with the costs incurred in connection with this Petition.

Dated: May 4, 2005
New York, New York

_____
Judith Greenspan, Esq. JG 5924
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003
(212) 539-5401

**EXHIBIT A**

```
-------------------------------------------x
In the Matter of the Arbitration Between
    NEW YORK METROPOLITAN AREA JOINT BOARD,
    LOCAL 23-25, UNITE,

                          Union
                                                    A W A R D
        - and -

    BROADWAY GARMENT CO., INC.,

                          Employer
-------------------------------------------x
```

DATE OF HEARING:   March 23, 2005

APPEARANCES:

    For the Union:           Judith Greenspan, Esq.

    For the Employer:        No Appearance

On the written complaint of the Union, dated February 24, 2005, that the Employer has failed to comply with the terms of a collective bargaining agreement with the Union in the respects therein set forth, a hearing was held before the undersigned on due and sufficient notice in accordance with the provisions for arbitration in said agreement.

On the basis of the evidence adduced at the hearing by the party appearing, the Employer having failed to appear or otherwise interpose a defense, and as provided by the aforesaid agreement, I hereby determine and decide this matter as follows:

## A W A R D

The Employer, Broadway Garment Co., Inc., is directed to pay to the Union forthwith towards the following, for the period from September 1, 2004 to December 31, 2004.

1. UNITE National Health Fund - the sum of $8,750.84.

2. UNITE National Retirement Fund - the sum of $2,077.35.

3. Industry Promotion Fund - the sum of $657.83.

4. Council for American Fashions - the sum of $34.62.

The Employer is further directed to pay to the Union towards the said Funds interest on the aforesaid principal sums, or any unpaid balance thereof, at the rate of nine (9%) per cent per annum, from the 16th day of January, 2005, until the principal sums are paid in full.

The Employer is further directed to pay forthwith to the UNITE National Health Fund a default fee in the sum of $100.00 pursuant to the provisions of the collective bargaining agreement.

Dated: March 28, 2005

_____
MARSHALL L. ROSENBERG
Impartial Chairman

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On this 28th day of March, 2005, before me personally appeared MARSHALL L. ROSENBERG, to me known and known to me to be the individual described in and who executed the within instrument and he duly acknowledged to me that he executed the same.

_____

RENEE ADLER
Notary Public, State of New York
Qualified in Kings County No. 24-4671112
My Commission Expires November 30, 2006